IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JASON ROBERT GOLDADER,** ) | Civil Action No. 7:12-cv-00505 | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **JOHN A. WOODSON,** ) | By: Hon. Michael F. Urbanski | |
| **Defendant.** ) | United States District Judge | |

Jason Robert Goldader, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names John A. Woodson, Warden of the Augusta Correctional Center ("ACC"), as the sole defendant. After reviewing plaintiff's submissions pursuant to 28 U.S.C. § 1915A, the court dismisses this action without prejudice as frivolous.

Plaintiff's rambling Complaint indicates that petitioner was preparing a state habeas corpus petition when ACC staff suspended petitioner from the law library for allegedly violating the terms of inmate access. Liberally construed, petitioner argues that ACC staff violated his constitutional right of access to courts although he admits that he has not yet filed a petition and has not yet experienced a legal harm.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted.[1] See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest

---

[1] Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff alleges no facts relevant to defendant, and it is well settled that supervisory liability under § 1983 may not be predicated on the theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Accordingly, plaintiff pursues an indisputably meritless legal theory to file this action against the Warden of ACC without describing the Warden's personal involvement in the alleged deprivation. Accordingly, the court dismisses the Complaint without prejudice as frivolous. See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)). Petitioner's motion to amend, which also does not allege facts relevant to defendant, is denied as futile. See Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962) (permitting denial of a motion to amend when the amendment is futile). Petitioner's motion to update his name in the caption to "Frankie Jae Lord Master" is denied as moot.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: December 21, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge